## FORT CHARTRES AND IVY LANDING DRAINAGE AND LEVEE DIST. NO. 5 OF MONROE AND RANDOLPH COUNTY, STATE OF ILLINOIS, v. THOMPSON et al.

No. 911.

District Court, E. D. Illinois.

March 1, 1945.

370

Harry E. Jackson, of Waterloo, Ill., and Weihl & Weihl and Baker, Lesemann, Kagy & Wagner, all of East St. Louis, Ill., for plaintiff.

Whitnel, Browning, Listeman & Walker, of East St. Louis, Ill., for defendant Guy A. Thompson, trustee.

Kramer, Campbell. Costello & Wiechert, of East St. Louis, Ill., for Columbia Quarry Co.

WHAM, District Judge.

To plaintiff's complaint defendants have interposed twenty-two separate defenses and six counterclaims, to which has been added eight additional counterclaims styled "Counterclaims for Interpleader" to each of which is appended a demand that W. W. Mitchell, Charles Moder and Henry Heller, citizens and inhabitants of the State of Illinois, who were allegedly the lawful commissioners of the plaintiff district during the period of time involved in the suit, be made parties defendant to respond to the counterclaims. The plaintiff is not made a party to these counterclaims for interpleader.

Plaintiff has moved to strike or dismiss said so-called counterclaims for interpleader on the ground that if there be authority for such procedure it is under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, governing third party practice, which Rule requires a motion for leave of court to proceed thereunder which motion was not filed nor leave obtained.

Defendants concede that no motion for leave was filed or leave obtained to proceed under Rule 14 but say the so-called counterclaims for interpleader were filed, not under the third party practice provided for by said Rule 14 but under Rule 13(h) of the Federal Rules of Civil Procedure, which provides:

"(h) Additional Parties May Be Brought in. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

■ The so-called counterclaims for interpleader are not counterclaims as usually understood nor are they cross-claims. They are directed solely against persons who are not parties to the suit. I know of no precedent for this procedure under Rule 13(h). In Moore's Federal Practice, Vol. 1, p. 730, Sec. 13.09, speaking of Rule 13(h) it is said: "This subdivision should not be confused with impleader, which is governed by Rule 14. Thus if A sues X and Y on a claim, this rule does not authorize X to bring in Z, because Z is or may be liable to him or to plaintiff A. That situation is governed by Rule 14. On the other hand, if X pleads a counterclaim against A, either compulsory or permissive, or pleads a cross claim against Y, then this subdivision applies, and if the presence of additional parties is required for the granting of complete relief in the determination of the counterclaim or cross claim the court should order them to be brought in, * * *." Defendants' questioned pleadings being neither counterclaims against the plaintiff nor cross claims against a co-defendant the additional parties cannot be brought in under said Rule 13(h).

Plaintiff's motion to dismiss all of the counterclaims designated as "Counterclaims for Interpleader" must be and it is hereby sustained and said "Counterclaims for Interpleader" are stricken.

Plaintiff has filed a reply to each counterclaim and also a reply to each of the defenses interposed in the answer; also two special defenses which deny the legal sufficiency of all the counterclaims and the right of defendants to maintain them against plaintiff as a matter of law. Defendants have filed a motion to strike plaintiff's replies to those portions of the answer not denominated as counterclaims as being improper under Rule 7(a) of the Federal Rules of Civil Procedure, without order of court; also to strike or dismiss said special defenses.

Rule 7(a), insofar as pertinent here, reads:

"There shall be a complaint, and an answer; and there shall be a reply, if the

answer contains a counterclaim denominated as such; * * * . No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

Plaintiff, not without reason, contends that the quoted language of the rule makes mandatory, when an answer includes a counterclaim denominated as such as defendants' answer does, a reply to the disputed allegations of the answer as well as to the counterclaims with failure so to reply being penalized by Rule 8(d) as an admission of the truth of the averments of the answer to which no reply is made.

Due to unfortunate language used therein, Rule 7(a), when considered apart from the other rules, lends itself to the interpretation placed thereon by plaintiff to an extent that a careful pleader, absent controlling decisions, might well hesitate to risk the omission of a reply to the averments of an answer containing a counterclaim denominated as such. Nevertheless, it seems clear to me that it was not the purpose of the Supreme Court that Rule 7(a) should require or permit a reply to any part of any answer, without leave or order of court, even though the answer contained a counterclaim denominated as such, except to the counterclaim itself. When this rule is considered with the entire body of the rules it is seen at once that to require or permit a reply in such case would be contrary to the spirit of the rules which is to simplify and shorten the pleadings required and permitted. Plaintiff's interpretation is likewise without reason in view of the fact that no reply is required or permitted, without order of court, to an answer containing no counterclaim denominated as such. If a reply were considered necessary or useful in one instance it would seem that it should be so considered in the other.

A portion of the language of Rule 12(a) throws light upon the true meaning of Rule 7(a) in the respect mentioned. It reads: "The plaintiff shall serve his reply to a counterclaim in the answer within 20 days after service of the answer or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs." It is observed that no provision is made for serving any reply except a reply to a counterclaim in the answer and a reply ordered by the court.

In his concise and thoughtful book, "New Federal Procedure and the Courts," Alexander Holtzoff, referring to Rule 7(a) on page 22, had this to say:

"The pleadings contemplated by the rules are a complaint and an answer. If the answer contains a counterclaim, a reply to the counterclaim is exacted. * * * The court may, in its discretion, order a reply to an answer . * * * In the absence of an order of the court directing that a reply be filed, no denial of allegations in an answer is necessary, but they will be deemed denied or avoided."

In Moore's Federal Practice the text, on page 423, says:

"Rule 7(a) is patterned on, but is not identical with, Equity Rule 31. That rule did away with the necessity of a reply or of further pleadings after the answer was filed, except that a reply was required to a set-off or counterclaim. The rule, however, permitted the court to order a reply in its discretion."

It is obvious that the eminent authorities on federal procedure from whose writings the above quotations are taken were of opinion that when an answer contains a counterclaim denominated as such a reply to the counterclaim only is required or proper.

An examination of the preliminary draft of proposed amendments to the Federal Rules of Civil Procedure prepared by the Supreme Court's Advisory Committee on Rules for Civil Procedure discloses a proposal that Rule 7(a) be amended to exclude from the rule the words "if the answer contains" and insert the word "to" so that the Rule, as far as pertinent, will read "There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; * * *." If this amendment is eventually made the rule will express clearly what I believe to be the true meaning and intent of the rule as now written. Even as now written the rule, though read alone and taken literally, does not compel the interpretation placed upon it by plaintiff. A reply to the counterclaim meets the demand of the rule. When read with the other rules it becomes apparent that the reply demanded is confined to the counterclaim.

Being of the opinion that the portions of plaintiff's reply which are not directed to the counterclaims in the answer are unauthorized and improper, such portions will be stricken. No responsive pleading being required or permitted to defenses

1 to 22, inclusive, contained in the answer, the averments therein will be taken as denied. Rule 8(d).

▮ Defendants' motion to strike or dismiss the Seventh and Eighth Defenses to the counterclaims will be denied. These defenses go to the merits of all the counterclaims as a matter of law. In due time those defenses should be presented and passed upon before the case is brought to trial.