## MID–STATES PRODUCTS CO. v. COMMODITY CREDIT CORP.

Civ. No. 1524.

United States District Court
E. D. Illinois.

April 15, 1949.

Craig & Craig, Mattoon, Ill., Fred H. Kelly, Mattoon, Ill., for plaintiff.

William W. Hart, U. S. Atty., and Ernest R. McHale, Asst. U. S. Atty., East St. Louis, Ill., for defendant.

WHAM, Chief Judge.

The question now before the court, on defendant's motion to strike, is whether it is illegal pleading, prohibited by the Federal Rules of Civil Procedure, 28 U.S.C.A. for plaintiff, in its reply to defendant's counterclaim, to plead a counterclaim growing out of the same transaction or occurrence as defendant's counterclaim.

The complaint is upon various contracts, set forth separately in separate paragraphs, allegedly entered into during the years 1946 and 1947 between plaintiff and defendant covering the sale to defendant by plaintiff of dried whole eggs, and alleges that defendant has failed to pay the full price called for by the contracts and that there is still due and owing thereon the sum of $65,476.50, for which judgment is asked together with interest thereon. The answer admits the contracts, denies that anything is owing thereon, and sets up as a counterclaim certain contracts entered into between the parties during the years 1944 and 1945, on which it is alleged that plaintiff was overpaid in the sum of $64,399.34. From the allegations in the counterclaim of defendant it appears that the contracts forming the basis of said counterclaim were on a cost-plus basis with the exception of certain contracts which were originally on

a fixed price basis but were subsequently amended to a cost-plus basis. Plaintiff's reply is directed solely to defendant's counterclaim and denies certain allegations therein made, and, in addition, sets up a counterclaim to defendant's counterclaim where it is alleged that contracts FSC(F) 34483 and FSC(F) 35686, forming part of the basis of defendant's counterclaim, are the contracts which defendant alleges were originally on a fixed price basis and subsequently amended to a cost-plus basis; that the amendments were obtained by defendant through threats, coercion and duress, and should therefore be declared void and cancelled. Plaintiff's counterclaim asks this court to rescind and set aside said contracts as amended, and allow plaintiff recovery on its counterclaim in the amount of $100,242.37, together with interest, being the amount due under the contracts as originally made on a fixed price basis.

It is this last pleading of plaintiff's to which the motion to strike is addressed on the ground that it violates Rule 7(a) of the Federal Rules of Civil Procedure. Oral argument was heard on the motion at which time defendant cited Cornell v. Chase Brass & Copper Co., Inc., D.C., 48 F.Supp. 979, and the decision of this court in Fort Chartres and Ivy Landing D. & L. Dist., etc. v. Thompson, D.C., 4 F.R.D. 369, in support of the motion to strike. It is defendant's contention that only a defendant may counterclaim.

The decision in Fort Chartres and Ivy Landing D. & L. Dist., supra, is not in point with the question involved in the instant case. That case decides no more than that under Rule 7(a) of the Federal Rules of Civil Procedure a reply is permitted without leave of court only when the answer contains a counterclaim, and when so permitted must be confined to the counterclaim and may not go to the disputed allegations of the answer. This is not the question involved here where plaintiff's reply and counterclaim are directed solely to defendant's counterclaim, and where plaintiff's counterclaim grows out of the same transaction which is the subject matter of defendant's counterclaim. As no question was involved in the Fort Chartres case, and no decision made, concerning the right of plaintiff to counterclaim, it was not necessary to consider Rules 13(a) and 18(a) of the Federal Rules of Civil Procedure.

 The language of Rule 18(a), "The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim * * *", seems clearly to indicate that in proper case a counterclaim by plaintiff was contemplated by the framers of the rules. Rule 13(a) relating to compulsory counterclaims, by use of the general words "pleader" and "pleading" appears not only to contemplate but, by its terms, with exceptions not here applicable, to make mandatory the pleading by plaintiff in his reply of any counterclaim he may have arising out of the same transaction or occurrence that is the subject of defendant's counterclaim. These views are supported by Moore's Federal Practice, Second Edition, Volume 3, Sec. 18.04, paragraph (2), page 1810, and Note 12 thereto; Section 13.08, page 22. See also: Downey v. Palmer, D.C., 31 F.Supp. 83.

Defendant's motion to strike is denied. Order accordingly.