**HILL TOP–WEST LIBERTY LUMBER COMPANY, a Pennsylvania corporation, Plaintiff,**

**v.**

**The. AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation, Defendant.**

Civ. A. No. 61–550.

United States District Court
W. D. Pennsylvania.

June 8, 1962.

Harold Harper (of Alter, Wright & Barron), Pittsburgh, Pa., for plaintiff.

John M. Reed (of Reed & Egler), Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

Plaintiff invoked the diversity jurisdiction in this suit. The cause of action is based on the sale of building materials to the general contractor for the erection and construction of a new senior high school building for the Butler Area Joint School Building Authority as owner. Plaintiff sold the material to William F. Sutter, trading as Sutter Lumber Company, general contractor. As principal, he deposited with the Authority, defendant's surety bond pursuant to the statutory requirements of the Municipality

Authorities Act of 1945 as amended and other appropriate legislation of the Commonwealth of Pennsylvania. The complaint alleges that a condition of the surety bond was that any person or corporation furnishing labor, services or materials for the performance of the contract between Sutter and the Authority for the erection of a new school building "may maintain an action on said bond against defendant to recover for the same as though such person or corporation was named therein." Plaintiff alleges that under a certain purchase order dated March 29, 1958, and various change orders and additions that plaintiff did, during the period of July 15, 1958 through the month of September, 1960 furnish materials to the contractor for all the millwork required on the building. Paragraphs 5 and 6 are computations of the charges and credits, leaving a balance due in excess of the jurisdictional amount.

Defendant filed a responsive answer setting up four defenses. The answer sets up a general denial of indebtedness and raises an issue as to whether the action was commenced within the period of time required under the surety bond, and the fourth defense in general avers that approximately 145 outer doors delivered by plaintiff to the contractor were defective and unfit for use and were wholly rejected by the Authority. It avers that Sutter, now being dead, his executors will be required to replace the doors or rebuild them at a cost of $13,-000.00.

Defendant then sets out in the answer what is termed *"COUNTERCLAIM FOR INTERPLEADER"*. This pleading recites the surety undertaken and that the contractor is dead and that the Letters on his Estate have been granted by the Register of Wills of Luzerne County, Pa. to Eugene F. Sutter and Cora Sutter. It avers that by reason of plaintiff's failure to comply with the terms of the contract with Sutter, his Estate has sustained losses in excess of the claim of the plaintiff. In paragraphs 4 and 5 of the counterclaim it is stated that in or-der that there may be a determination of the issues arising in this civil action, as surety for Sutter and the Estate of Sutter, it is necessary that said executors of the Sutter Estate be joined as defendants and be permitted to file a counterclaim to the claim of the plaintiffs. This pleading says that the Sutter Estate consents to the jurisdiction of the Court over them without further process being issued.

In the "Wherefore" clause, defendant prays that the Court order that Sutters, as executors, be made parties defendant to respond to the complaint and to this counterclaim. The pleading further prays that the Court order that plaintiff and the executors interplead their respective claims and that the Court "adjudge" the respective claims of plaintiff and the executors, and finally that the Court discharge defendant from all liability except such liability as may be determined as surety for the Sutter Lumber Company.

This case is presently before the Court on plaintiff's motion to strike the pleading which defendant has designated "COUNTERCLAIM FOR INTERPLEADER". Plaintiff assigns some ten reasons why the motion should be granted. From the issues raised in the complaint and answer, it is apparent that plaintiff's position is correct.

FIRST—Defendant, in support of its pleading, cites several of the rules of federal procedure but misconstrues the application of the rules cited. For instance, an examination of Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A. reveals that defendant has raised no counterclaim whatsoever as required or permitted under the Rule. Rule 13 says, in speaking of a counterclaim, "A pleading shall state as a counterclaim any claim which at the time of serving the pleading *the pleader has against any opposing party"*. Barron and Holtzoff, Vol. 1A, p. 541, Federal Practice and Procedure, states "The purpose and effect of the rule is * * * to permit any claim that defendant has against the plaintiff to be asserted as a counterclaim, thereby avoid-

ing circuity of action." In speaking of compulsory and permissive counterclaims, the language used is directed to a claim in opposition of plaintiff's claim against the defendant usually by way of set off, recoupment or otherwise. In the instant case the defendant surety company has no affirmative claim in opposition to the claim presented by the plaintiff. It, of course, may and has raised defenses to plaintiff's claim that the Sutter Lumber Company had against plaintiff. Those defenses were raised in the responsive part of the answer. Professor Moore in Moore's Federal Practice, Volume 3, page 14, et seq., gives a full discussion of the principles mentioned here.

SECOND—Defendant attempts to use Rule 13(h) of the Federal Rules of Civil Procedure as authority for the Court to order the Sutter executors as additional parties defendant. But again that Rule presupposes a valid counterclaim or cross-claim. It is founded also upon there being jurisdiction between the adverse parties. In the instant case no diversity jurisdiction appears between plaintiff and the Sutter executors nor is any averred in the pleadings or in briefs defendant had filed. Judge Wham of the Eastern District of Illinois, Fort Chartres and Ivy Land D. & L. Dist. etc. v. Thompson, D.C., 4 F.R.D. 369 (1945), has a full discussion of the proposition advanced by defendants. What was stated in Judge Wham's decision has full application to the instant issue.

THIRD—It is, of course, axiomatic in the Federal system that jurisdiction is a limited one. No doubt there is some merit to defendant's position that the controversy between the Sutter executors and the Authority should be disposed of at the same time liability of the surety is adjudicated. However meritorious such a position may be, there must be diversity of citizenship between the opposing parties in a controversy of the type presented here. As that does not appear, even though defendant should bring in the Sutter executors as third party defendants, still plaintiff may not file a claim against them because of lack of diversity. The decisions under Rule 14 are clear on that point. Further, since the 1948 amendment to Rule 14 as shown in Moore's Federal Practice, Volume 3, page 429, defendant can no longer move to implead a third party on the ground that he is or *may be liable to plaintiff*. In other words, defendant under the Federal system may not now at any time tender another defendant to plaintiff. That is exactly what the defendant proposes to do by the instant pleading.

A number of decisions have been cited by the defendant in support of its pleading but a careful examination of them will show that they refer to third party practice or to cases in which two defendants have been jointly sued or other circumstances peculiar to the facts at issue. The interpleader statute, 28 U.S.C.A. § 1335, is no help to defendant. This statute, as Judge Wham mentioned, is designed to assist the stake holder where there are several claims to the fund. Even in interpleader cases under the statutes, there must be diversity of citizenship between the adverse claimants. An appropriate Order will be entered.

### ORDER

AND NOW, this 8th day of June, 1962, for the reasons mentioned in the foregoing memorandum, the motion of plaintiff to strike that portion of defendant's answer designated "COUNTERCLAIM FOR INTERPLEADER" is granted and said portion of the answer is stricken and deleted from the answer filed.