**UNITED STATES of America,**
**Plaintiff,**

v.

**Bert THOMPSON and Charlotte A.**
**Thompson, Defendants.**

**Civ. A. No. 66–H–103.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 18, 1966.

Mitchell Rogovin, Asst. Atty. Gen., Fred B. Ugast, Joel P. Kay, Attys., Dept. of Justice, Washington, D. C., and William B. Butler, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Dougal C. Pope, Houston, Tex., for defendants.

## MEMORANDUM:

INGRAHAM, District Judge.

In this action the United States seeks to reduce to judgment certain federal tax liabilities which have been assessed against the defendants, Bert Thompson and Charlotte A. Thompson. The case is before this court on the motion of the plaintiff for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

The criteria to be followed by the court in its consideration of plaintiff's motion for summary judgment is set forth in Rule 56(c):

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The defendants make several admissions in their pleadings which are germane to the issues before the court: (1) that various assessments have been made by the Internal Revenue Service on their income tax returns for the years 1954 and 1955; (2) that said assessments have not been paid; (3) that their income tax returns for the calendar years of 1954 and 1955 were filed on or about January 20, 1960; (4) that assessments have been made by the Internal Revenue Service against each defendant individually for the calendar year of 1958; (5) that said assessments have not been paid.

The United States has submitted an affidavit in support of its motion for summary judgment, setting forth the various amounts owing for each taxable period, along with a list of credits and payments which have been applied to the tax liabilities.

The only suggestion by the defendants of a factual dispute concerns the government's authority to abate a fraud penalty which it had previously assessed against the defendants. The fraud penalty was abated prior to the initiation of this suit. The defendants take the anomalous position that the amount of taxes assessed and owing is greater than that claimed by the government (because the the abatement is void). The defendants claim that this discrepancy raises a fact issue as to the amount of taxes owed and also as to whether any fraud existed. This court is of the opinion that the abatement of the assessed fraud penalty is valid and there is no genuine issue of fact in dispute as to the amount of the assessment of taxes claimed by the government in this suit.

The defendants also assert in their answer to the plaintiff's motion for summary judgment that the delay, from January 20, 1960, when the tax returns, were filed, until May 13, 1960, when the assessment against the returns was made, is unreasonable. This court has not been directed to any authority and it has not discovered any authority supporting the defendants' position that this delay of approximately four months should defeat a motion for summary judgment.

This court is mindful of its duty to construe liberally the pleadings in favor of a party against whom a motion for summary judgment is directed. If, however, the summary judgment provisions are to have any utility, the court must pierce formal allegations of fact in the pleadings and determine from the entire case whether there are genuine issues of fact for resolution in a formal trial. See Whelan v. New Mexico Western Oil

& Gas Co., 226 F.2d 156 (10 C.A.1955). The defendants have not substantially controverted the statements of the plaintiff's affidavit, see Rowan v. United States, 219 F.2d 51 (5 CA 1955), and both parties by their briefs and pleadings indicate that the controversial issues are questions of law and not factual disputes.

■■ This court finds that there is no genuine issue as to any material fact and that the success of the plaintiff's motion for summary judgment depends on the court's resolution of the following questions of law as recognized in the pleadings of both parties: (I) Is the plaintiff's action barred by the three-year statute of limitation on assessment, I.R.C. Section 6501(a), or the six-year statute of limitation on collection, I.R.C. Section 6502(a)? (II) Is the United States barred from asserting its claim in this proceeding by reason of its failure to assert the claim as a compulsory counterclaim in an earlier action instituted by the defendants against the District Director of Internal Revenue?

## I.

Section 6501(a), I.R.C.1954, states:

"General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years *after the return was filed * * *.*" (Emphasis added).

In the instant case, the tax returns were filed on January 20, 1960, and the assessments were made on May 13, 1960, thus they were timely under Section 6501(a). The period of limitations begins to run from the date when the returns were actually filed and not the date when they should have been filed. Automobile Club of Mich. v. C. I. R., 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed. 746 (1957).

Section 6502(a), I.R.C.1954, states:

"Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, * * *.*"

■ Inasmuch as timely assessments had been made on May 13, 1960, the plaintiff had until May 13, 1966, in which to file the instant proceedings. This suit was filed on March 15, 1966, and thus was timely.

## II.

■ Defendants assert that the plaintiff's action is barred because it should have been asserted in an earlier suit between the District Director and the defendants. This prior suit was dismissed with prejudice at the instance of the plaintiffs (defendants in this present suit) *prior to the filing of responsive pleadings by the government.* While recognizing that the United States is bound by the provisions for compulsory counterclaims contained in Rule 13(a), United States v. Eastport Steamship Corp., 255 F.2d 795 (2 CA 1958), this court is of the opinion that a compulsory counterclaim need be asserted only if responsive pleadings are filed. This view is strengthened by language found in Mid-States Products Co. v. Commodity Credit Corp., 10 F.R.D. 592, 593 (E.D.Ill.1949), affirmed, 196 F.2d 416 (7 CA 1952):

"Rule 13(a) * * * appears not only to contemplate but * * * to make mandatory the pleading by plaintiff *in his reply* of any counterclaim he may have arising out of the same transaction or occurrence that is the subject of the defendant's counterclaim." (Emphasis added).

Similarly, Shelley v. The Maccabees, 191 F.Supp. 742, 745 (E.D.N.Y.1961), states:

"It is a general rule in state and federal courts that a plaintiff must assert in one action all of his alleged claims arising from a single occurrence or transaction and that a defendant must assert *in his answer* all of his counterclaims arising therefrom." (Emphasis added).

This court believes it would be an unjust construction of Rule 13(a) to require a

counterclaim to be asserted or else forever barred in an action in which the defendant has not filed any responsive pleadings prior to the final disposition of the suit. Therefore, without deciding if it arose out of the same transaction or occurrence, the United States' claim in the present suit is not barred.

Since no genuine issue as to any material fact exists and the questions of law have been resolved in favor of the plaintiff, the plaintiff's motion for summary judgment will be granted.

The clerk will notify counsel to draft and submit an appropriate judgment.