**Benjamin GINSBERG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22204.**

United States Court of Appeals
Ninth Circuit.

March 18, 1969.

Rehearing Denied June 2, 1969.

Clyde Maxwell (argued), of Maxwell & Sheahan, James Jess, Los Angeles, Cal., for appellant.

Jeanine Jacobs, Washington, D. C., (argued), Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., William M. Byrne, Jr., U. S. Atty., Loyal E. Keir, Donald M. Fenmore, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

PER CURIAM:

The Internal Revenue Service seized and levied upon certain funds of the appellant to satisfy federal wagering excise taxes and wagering occupational taxes. *See* Int.Rev.Code of 1954, §§ 4401, 4411, 6331. The appellant filed a suit for refund of a portion of the seized funds. The Government counterclaimed for an additional unpaid balance and moved for summary judgment on both the principal suit and the counterclaim. This is an appeal from the District Court's granting of that motion.

The appellant vigorously argues that there is an unresolved issue of fact as to whether or not he had been "engaged in the business of accepting wagers," as the Government alleged. A close examination of the appellant's pleadings in the District Court, his answers to the Government's requests for admissions, and the relevant affidavits reveals quite clearly that the appellant was either unwilling or unable to make representations sufficient to show that the issue was genuinely disputed.[1] This being true, the District Court's expeditious disposition must be, and it is,

Affirmed.

---

1. It appears that appellant preferred to take, and did take, the legal position that the Government could not levy upon funds which were wrongfully seized in the beginning but which subsequently were applied to satisfy tax deficiencies. His reliance upon such proposition was mistaken. *See* Carlo v. United States, 286 F.2d 841, 848–849 (2d Cir.), cert. denied, 366 U.S. 944, 81 S.Ct. 1672, 6 L.Ed.2d 855 (1961); Field v. United States, 263 F.2d 758, 762 (5th Cir.), cert. denied, 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959).