**UNITED STATES of America,
Appellee,**

v.

**William FREEDMAN, Appellant.**

**No. 26566.**

United States Court of Appeals,
Ninth Circuit.

June 22, 1971.

Rehearing Denied July 15, 1971.

Burton Marks, of Marks, Sherman & London, Beverly Hills, Cal., for appellant.

James H. Bozarth, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Alan H. Friedman, Asst. U. S. Atty., Los Angeles, Cal., Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., for appellee.

Before MERRILL, HUFSTEDLER and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

This is an appeal from an order of the district court denying appellant's Rule 41(e), F.R.Crim.P., motions for the return of property wrongfully seized.

## FACTS

Inasmuch as substantially all of the essential facts are stated in the opinion on the previous appeal, Freedman v. United States, 421 F.2d 1293 (9th Cir. 1970), we shall limit our statement to the bare essentials.

Following the seizure of appellant's property in the criminal proceeding, including the $13,100.00 here in question, the Commissioner of Internal Revenue, on December 23, 1968, caused an assessment to be made against the appellant for income taxes in the sum of $13,953.-50 for the taxable year ending December 17, 1968. On the same date, the Commissioner levied on the $13,100.00 previously seized in the criminal action, by

serving a "Notice of Levy" on the United States Customs Service which was in possession of the money. On January 9, 1969, the Commissioner took possession of the $13,100.00, converted it into the form of a certified check and posted a credit in that amount to the account of the taxpayer. Rule 41(e) procedures for return of the money, and other property not here in question, were instituted by appellant on April 16th and April 22nd, 1969.

In the hearing on the remand from the previous appeal, the government agreed to a return of all of the properties, with the exception of the $13,100.-00, and three other items which it considered relevant as evidence in the criminal case. The district court for the Central District of California, in the exercise of its discretion, again referred the suppression motions to the Southern District of California, holding that there was sufficient connection between the four remaining items, including the $13,100.00 and the case in the Southern District, to warrant such action. The district court for the Southern District denied taxpayer's motions as to the items other than $13,100.00 and referred the motions on that item back to the Central District. On May 1, 1970, the appellant was convicted in the Southern District of the crime of conspiracy to violate the narcotics laws, 21 U.S.C. §§ 173, 174. Appellant then renewed his motion in the Central District for the return of the $13,100.00. There, as here, the government contended that appellant's Rule 41(e) procedures were only a camouflage, and that they, in fact, were actions for a refund of the tax assessed by the Commissioner. That being so, and since appellant did not file a claim for a refund or for a credit with the Commissioner pursuant to the provisions of 26 U.S.C. § 7422(a),[1] the district court held that it had no power to proceed. We agree.

## CONCLUSIONS

■ Regardless of form, an absolute prerequisite to the maintenance of such an action is the filing of a claim for refund or for a credit pursuant to § 7422(a). Thompson v. United States, 308 F.2d 628, 634 (9th Cir.1962); Owen v. United States, 277 F.2d 790 (9th Cir. 1960). The fact that the seizure of the fund may have been illegal is of no significance. Ginsberg v. United States, 408 F.2d 1016, 1017, fn. 1 (9th Cir. 1969); Simpson v. Thomas, 271 F.2d 450 (4th Cir. 1959); Field v. United States, 263 F.2d 758 (5th Cir. 1959), cert. denied 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959); Welsh v. United States, 95 U.S.App.D.C. 93, 220 F.2d 200 (1955). The salient facts in *Field* are indistinguishable from those before us. In accord, under a similar state of facts, is Carlo v. United States, 286 F.2d 841, 849 (2d Cir. 1961), cert. denied 366 U.S. 944, 81 S.Ct. 1672, 6 L.Ed.2d 855 (1961). Both *Field* and *Carlo* are cited with approval in the footnote to *Ginsberg*.

■ The lower court assumed that the original seizure was unlawful, but denied relief on the theory that the validity of the levy for income taxes had to be tested in procedures properly prosecuted under the Internal Revenue Laws. In the arguments before us, the government claimed no right to retain the money on the basis of its original seizure and conceded that appellant would be entitled to a return in appropriate proceedings, of so much of the fund as might not be subject to the tax levy. (All or any part). Accordingly, we so hold.

This holding exhausts the subject matter of the present litigation. We leave open to the appellant all issues surrounding the propriety of the tax levy with the right to pursue such other remedies as may be available to him for a determination of the validity of such levy.

Affirmed.

1. Section 7422(a) of the Internal Revenue Code of 1954.