Joseph **SCIANNAMEO**, Plaintiff,

v.

Robert J. **DATH**, District Director, Internal Revenue Service, Defendant.

No. 73 C 1842.

United States District Court,
E. D. New York.

April 9, 1974.

Thomas G. Moringiello, for plaintiff.

Edward John Boyd, V, Acting U. S. Atty., Eastern District of New York, for defendant by Carl I. Stewart, Asst. U. S. Atty.

**BRUCHHAUSEN, District Judge.**

This is an action brought, pursuant to the Fifth Amendment to the Constitution of the United States, declaring that the acts of the defendant be declared unconstitutional, and also that the lien upon his property be removed. The plaintiff further moves for an injunction restraining the District Director from enforcing the lien.

On December 15, 1972, the plaintiff was arrested and on his person was found gambling slips totaling $2,000.00. Thereafter, he was assessed on November 28, 1973 with the statutory excise tax on wagers for the months of March through December, 1972. The assessment totaled $62,249.15. On the same day the assessment was calculated, the District Director filed a notice of lien in the office of the Clerk of Kings County. The Government calculated the tax due on the basis of a projection since the plaintiff 'failed to maintain a daily record of wagers, pursuant to 26 U.S.C. § 4403. The projection was ascertained from the policy slips found on the person of the plaintiff when arrested on December 15, 1972, and upon a prior gambling arrest during March, 1972. The tax was computed by multiplying the number of days commencing March 1, 1972 to December 31, 1972 by the amount of policy slips found upon the person of the plaintiff at the time of the arrests.

■ At the outset, Plaintiff's position that the procedure used to enforce the wagering tax, 26 U.S.C. § 4401, is unconstitutional, is untenable. In Hamilton v. United States, D.C., 309 F.Supp. 468, affirmed, 2 Cir., 429 F.2d 427, certiorari denied 401 U.S. 913, 91 S.Ct. 881, 27 L.Ed.2d 812, the Court held in part commencing at page 471:

"Plaintiff's argument that the procedure used to enforce the wagering tax, 21 U.S.C. § 4401, is unconstitutional must be rejected on both substantive and procedural grounds. In Marchetti v. United States, 390 U.S. 39, 61, 88 S.Ct. 697, 19 L.Ed.2d 889 (1967), the Supreme Court upheld the constitutionality of the tax on wagers, 26 U.S.C. § 4401. The Supreme Court has also upheld the summary proceedings used in this case to determine the assessment. So long as an adequate opportunity to contest the assessment exists, assessment by summary administrative proceedings, without notice or hearing, does not violate the due process clause. Cases cited. In any event the request for declaratory relief must be denied on the authority of 28 U.S.C. § 2201, for lack of jurisdiction. Accord: cf. Koin v. Coyle, 402 F.2d 468, 470 (7th Cir. 1968)."

■■ It is well settled that there is a strong policy against injunctive relief for the collection of taxes. In Enochs v. Williams Packing Co., 370 U.S. 1, 82 S. Ct. 1125, 8 L.Ed.2d 292, the holding was that such relief is generally denied, pursuant to 26 U.S.C. § 7421. The Court

will rarely grant equitable relief. However, such relief may be granted if a plaintiff can show (1) that "under no circumstances could the Government ultimately prevail," and (2) that "equity jurisdiction otherwise exists."

The Court in Enochs, supra, held in part commencing at page 7, 82 S.Ct. at p. 1129:

> "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case (Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422), the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.' Id., 284 U.S. at 509, 52 S.Ct. at 263.

> "We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund."

The plaintiff has heavily relied upon Pizzarello v. United States, 2 Cir., 408 F.2d 579, in which the court granted the injunction. However, in that case it was found that the evidence was illegally seized and under no circumstances could the Government succeed.

In Hamilton v. United States, supra, the Court held in part at pages 472–473 of 309 F.Supp.:

> "The method used by the Government here to compute the assessment is substantially the same as that criticized by the Court of Appeals in Pizzarello, where the Government used a three-day average of policy wagers as the basis for calculating a gambler's gross wagering business over a five-year period. In the present case a three-day average was used to calculate gambling revenue for four years. Although we agree that the relatively small sample would not appear to the uninitiated to be necessarily representative of plaintiff's business over such a long period, we cannot conclude as a matter of law that such a projection is irrational, arbitrary, and incapable of being supported. For instance, experts in the business of gambling, given the period of time during which paintiff admittedly was engaged in accepting policy wagers, the area in which he operated, and gambling data independently collected by objective bodies, might testify to the reasonableness of the projection. Similar computations have been accepted by various courts. See United States v. Washington, 251 F.Supp. 359 (E.D.Va.1966) affd., 402 F.2d 3 (4th Cir. 1968); Pinder v. United States, 330 F.2d 119 (5th Cir. 1964); Ginsberg v. United States, 67–2 USTC ¶ 15,757 (C.D.Cal.1966), affd. per curiam, 408 F.2d 1016 (9th Cir. 1969); Mersel v. United States, 67–2 USTC ¶ 15,756 (S.D.Fla.1967); Hodoh v. United States, 153 F.Supp. 822 (E.D. Ohio 1957); O'Neill v. United States, 198 F.Supp. 367 (E.D.N.Y.1961); Shades Ridge Holding Co. T.C. Memo 1964–275, affd. per curiam sub nom. Fiorella v. Commissioner of Internal Revenue, 361 F.2d 326 (5th Cir. 1966); Isaac T. Mitchell, T.C. Memo

1968–137 (1968) (appeal pending). Resort to such methods of computation here became necessary only because plaintiff failed to maintain and furnish the daily records required to be kept by 26 U.S.C. § 4403 (see n. 4). Under such circumstances the propriety of calculating taxes from incomplete records has been recognized. See e. g., Mendelsohn v. Commissioner of Internal Revenue, 305 F.2d 519 (7th Cir.), cert. denied, 371 U.S. 877, 83 S. Ct. 149, 9 L.Ed.2d 114 (1962); Harbin v. Commissioner of Internal Revenue, 40 T.C. 373 (1963)."

In the case at bar no sufficient equitable considerations are present from which the Court may exercise its equitable power. Mere conclusory statements of financial ruin and inability to pay the tax are insufficient. There has been no evidence submitted indicating plaintiff's financial condition, net worth and earnings upon which to conclude financial ruin.

Finally, the plaintiff has an adequate remedy at law. The excise tax is divisible, therefore, the plaintiff may, if he considers the assessment excessive, pay part of the tax and then sue for a refund. Flora v. United States, 362 U. S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623. It would be upon the plaintiff to prove that the assessment is incorrect, Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, and that burden would be met if he proved that the method of assessment was so arbitrary as to render the assessment fatally defective. United States v. Hover, 9 Cir., 268 F.2d 657, 665. There is no doubt that some tax is due and owing, therefore, the refund suit would be one of amount rather than total invalidity. The plaintiff may commence his refund suit, wait for the final determination of his criminal prosecution and then proceed with his refund suit. This would avoid the incriminating effect of any testimony.

The Court has carefully considered the position of the taxpayer and concludes his contentions are untenable.

The motion is denied and the complaint is dismissed.

It is so ordered.

Copies hereof are being forwarded to the attorneys for the parties.