**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward PIERCE, Defendant-Appellant.**

**No. 78–1164.**

United States Court of Appeals, Ninth Circuit.

Dec. 10, 1979.

Richard G. Sherman, Los Angeles, Cal., for defendant-appellant.

Michael L. Paup, Philip I. Brennan, Dept. of Justice, Washington, D. C., on brief; Libero Marinelli, Jr., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WRIGHT, SNEED and FARRIS, Circuit Judges.

PER CURIAM:

The Commissioner seeks to reduce to judgment assessments for wagering excise taxes, as well as penalties and interest. We affirm the district court's grant of summary judgment.

*FACTS*

On October 12, 1965, the Los Angeles police arrested Pierce for bookmaking activities and seized his gambling records. Those showed that Pierce owed wagering taxes.

In federal and state prosecutions for gambling, Pierce's motions to suppress the records were granted on Fourth Amendment grounds. Ruling on his suppression motion in the tax assessment case, however, was stayed pending resolution of *Janis v.*

*United States,* 73–1 U.S.T.C., ¶ 16,083 (C.D. Cal., Feb. 26, 1973), *aff'd,* 9th Cir., July 23, 1974 (unpublished), *rev'd,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). In *Janis,* the Court held that evidence seized in violation of the Fourth Amendment may be used for federal tax assessment. 428 U.S. at 454, 96 S.Ct. 3021.

On May 13, 1977, the Commissioner filed a motion for summary judgment based on its tax assessment. Richard Sherman, counsel for Pierce, submitted opposing papers 39 days late. These papers consisted of a two-paragraph affidavit stating that "defendant . . . wishes to defend this action and will affirmatively demonstrate that the tax assessment . . . is erroneous and in no event properly attributable to him" and a one-paragraph "Memorandum of Points and Authorities" containing no citations of authority. At the hearing on the Commissioner's motion, Sherman still provided no support for his position.[1]

The district court held that there was no genuine issue of material fact and entered summary judgment for the Commissioner.

On appeal, attorney Sherman concedes that a tax assessment establishes a prima facie case of tax liability. He does not argue that his one-page affidavit raises an issue of fact. He contends that his offer to raise a defense at trial precludes summary judgment.

## CONTROLLING PRECEDENT

In *Ginsberg v. United States,* 19 AFTR 2d 1549 (C.D.Cal.1967), *aff'd per cu-* *riam,* 408 F.2d 1016 (9th Cir. 1969), the district court granted summary judgment against the taxpayer on the basis of a tax assessment and held:

> One engaged in the business of accepting wagers *cannot rebut the Government's wagering tax assessment* against him *on mere allegations* that such assessment was arbitrary, excessive, invalid, and illegal. The assessment can be overturned only by the taxpayer producing records and other evidence which clearly demonstrates the proper amount of tax which he owes the Government. Failing to produce such evidence, the Government's assessment is entitled to be reduced to judgment.

*Id.* at 1553 (emphasis added). Sherman's offer to controvert the assessment is therefore inadequate.

## ATTORNEY AS OFFICER OF THE COURT

We understand that an attorney has dual, and sometimes conflicting, obligations to the client and to the court. Disciplinary Rule 7–102 of the Code of Professional Responsibility provides:

> (A) In his representation of a client, a lawyer shall not:
>
> (1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such

---

1. At the hearing the following occurred:

THE COURT: I think under the law it [i. e. the tax assessment] is presumptively valid and they [the IRS] are entitled to their judgment absent something else. But if you see the law differently, fine.

You didn't give me any such law in your points and authorities.

MR. SHERMAN: [Counsel for Pierce] Your Honor, I had rather thought that a presumption—and this is where I might be way off the margin. I thought that this presumption meant that the government had now proved that a tax existed against the defendant and the defendant has to now come forward with a defense. I did not know that the defense would have to be outlined.

THE COURT: Well, please tell me what there is in this record that should create any bona fide issue of material fact precluding a summary judgment. Is there anything here?

MR. SHERMAN: I don't mean to avoid answering the Court's question, but if the Certificate of Assessment is sufficient to grant a summary judgment, without something from the defendant, then I would say to the Court no, there isn't.

. . . . .

THE COURT: Let me ask you this, sir: Have you any authority to the effect that the Certificate itself, tendered in support of the motion for summary judgment, is insufficient for the grant thereof?

MR. SHERMAN: No, your Honor. I had rather assumed that it was. I just thought that was rather clear. . . .

action would serve merely to harass or maliciously injure another.

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

*See also American Bar Association Ethical Considerations* 7–15 and 7–30.

■ This appeal is not a "good faith argument for [a] . . . reversal of existing law." Counsel for appellant does not ask this court to overturn *Ginsberg.*

Ethical Consideration 7–4 states that "a lawyer is not justified in asserting a position in litigation that is frivolous." *Code of Professional Responsibility* EC 7–4. *Ginsberg* and numerous cases from other courts make this appeal "unwarranted under existing law" and it is frivolous.[2]

The judgment is affirmed. The mandate will issue forthwith.

---

**2.** *See, e. g., United States v. Rindskopf,* 105 U.S. 418, 422, 26 L.Ed. 1131 (1881) (tax on distilling spirits); *United States v. Lease,* 346 F.2d 696, 698 (2d Cir. 1965) (income tax assessment); *United States v. Thompson,* 262 F.Supp. 340, 341 (S.D.Tex.1966) (income tax); *United States v. Mauro,* 243 F.Supp. 413 (S.D.N.Y.1965) (wagering tax).