91 F.3d 151
 78 A.F.T.R.2d 96-5276
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GABEL,
James P. GABEL, Petitioner-Appellant,
v.
UNITED STATES of America; Kerry L. Medeiros, Revenue
Officer, Respondents-Appellees.
 No. 95-16365.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
As Amended on Denial of Rehearing Sept. 9, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James P. Gabel appeals pro se the district court's denial of his action seeking suppression of evidence by the Internal Revenue Service ("IRS"), a Franks hearing, and the return of his property. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Gabel contends that the IRS did not have probable cause to search and seize his property and that the IRS conducted an overbroad search in violation of the Fourth and Fifth Amendments. Based on these contentions, Gabel insists that the district court abused its discretion by: (1) not holding a Franks hearing, (2) denying his suppression motion under Fed.R.Crim.P. 41(f), and (3) denying his request for the return of his property under Fed.R.Crim.P. 41(e). We disagree.
 
 
 4
 The record demonstrates that the IRS obtained a writ of entry for purposes of searching, seizing and levying upon Gabel's property. To support its application for the writ of entry, the IRS submitted an affidavit of its agent stating that a tax lien had arisen on all of Gabel's property under 26 U.S.C. §§ 6321, 6322, that Gabel was provided proper notice of the intent to levy and failed to respond, and that Gabel leased a warehouse which contained his property.
 
 
 5
 The IRS, upon the issuance of a valid writ of entry, may enter private property to make seizures in satisfaction of income tax assessments. See G.M. Leasing Corp. v. United States, 429 U.S. 338, 358 (1977); see also United States v. Condo, 782 F.2d 1502, 1504-05 (9th Cir.1986). A motion for the suppression of items seized under Fed.R.Crim.P. 41(e) should not be entertained unless and until a proceeding arises in which the government seeks to use such items. G.M. Leasing Corp., 439 U.S. at 359. However, a suppression motion may be entertained in advance of any proceedings on equitable grounds if the complainant demonstrates that irreparable injury would occur. See id. at 359-60 (citing Hunsucker v. Phinney, 497 F.2d 29, 34 (5th Cir.1974), cert. denied, 420 U.S. 927 (1975). A Franks hearing is held in the context of a motion to suppress for purposes of determining whether the government's warrant affidavit contained false statements in violation of a defendant's Fourth Amendment rights. United States v. Fowlie, 24 F.3d 1059, 1066 (9th Cir.1994), cert. denied, 115 S.Ct. 742 (1995).
 
 
 6
 Here, Gabel filed his motion to suppress and his request for a Franks hearing even though no civil or criminal proceedings were pending against him. Because Gabel failed to demonstrate that irreparable injury would occur by not entertaining his suppression motion in advance of any proceedings, the district court did not err by denying Gabel's suppression motion. See G.M. Leasing Corp., 429 U.S. at 359-60. Therefore, the district court did not err by considering Gabel's request for a Franks hearing to be premature and denying his request for a Franks hearing on that basis. See Fowlie, 24 F.3d at 1066.
 
 
 7
 Gabel further claims that the district court erred by denying his request for the return of his property under Fed.R.Crim.P. 41(e). This contention lacks merit.
 
 
 8
 We review de novo the district court's interpretation of Rule 41(e). Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993), cert. denied, 114 S.Ct. 1624 (1994). The existence of a federal tax lien demonstrates a right to possession adverse to that of a taxpayer and defeats a motion for the return of property under Fed.R.Crim.P. 41(e). United States v. Fitzen, 80 F.3d 387, 388 (9th Cir.1996). Likewise, where a taxpayer's Fed.R.Crim.P. 41(e) motion is merely a camouflage, and is actually an action for a refund of the tax assessed by the Commissioner, the district court has no power to return the property inasmuch as the proper procedure is for the taxpayer to file a claim for a refund or credit pursuant to 26 U.S.C. § 7422(a). United States v. Freedman, 444 F.2d 1387, 1388 (9th Cir.1971), cert. denied, 404 U.S. 992 (1971).
 
 
 9
 Here, although Gabel received proper notice that his property had been seized and would be sold, he failed to exercise his right to redeem under 26 U.S.C. § 6337. Instead, Gable filed a Rule 41(e) motion for the return of his property almost three months after the government sold the property to satisfy enforceable income tax liens. See Fitzen, 80 F.3d at 388. Because Gabel's Rule 41(e) motion was an attempt to obtain the proceeds used to satisfy a tax lien, the district court did not err by holding that Gabel's proper remedy was to apply to the Commissioner for a refund or credit under 26 U.S.C. § 7422(a). See Freedman, 444 F.2d at 1388. The fact that Gabel alleges that the property in question was illegally seized is of no significance. Id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3