**ROBERTA M. CAPPIELLO, Plaintiff**

**v.**

**JOHN F. CAPPIELLO, Defendant**

Fam. No. D204/1997

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

February 25, 1998

DONOVAN M. HAMM, JR., ESQ., St. Croix, U.S.V.I., *for Plaintiff*

ELLEN DONOVAN, ESQ., Christiansted, U.S.V.I., *for Defendant*

STEELE, *Judge*

**MEMORANDUM OPINION**

## I. Procedural Background

In this divorce action, defendant filed Motion to Vacate this Court's Order granting plaintiff's Motion for Summary Judgment

regarding the issue of divorce, and also to vacate the Court's award of Decree of Divorce and Findings of Facts. The Court initially granted defendant's Motion to Vacate, and vacated its Order granting Summary Judgment based on an Amended Answer filed by defendant placing back as genuine issue of material fact the reconcilability of the parties' marriage. In opposition, Plaintiff filed a Motion entitled "Motion to Vacate Order Vacating Partial Summary Judgment and Decree of Divorce" on the ground that defendant's Amended Answer is invalid for want of the prerequisite judicial permission, required by Rule 15 of the Federal Rules of Civil Procedures. Defendant filed an Opposition Motion. The issue before the Court is whether Plaintiff's Reply to defendant's Counterclaim is a pleading under Rule 7(a) requiring defendant to obtain judicial permission before amending his original Answer, as required under Rule 15(a). In answering this question in the affirmative, the Court vacates its Order of January 8, 1998 granting defendant's Motion to Vacate Partial Summary Judgment and Decree of Divorce, and reinstate's the Court's Decree of Divorce, and prior grant of plaintiff's Summary Judgment Motion.

## I. Background

On November 6, 1997, plaintiff Roberta M. Cappiello, hereinafter "plaintiff," filed a Verified Petition for Divorce against her husband John F. Cappiello, hereinafter "defendant," praying for divorce, temporary and permanent child support, and alimony. Plaintiff cited as grounds for divorce the "complete breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved."

On December 8th 1997, Defendant filed an Answer, admitting to, among other things, plaintiff's assertions regarding the irreconcilability of their marriage. Defendant also asserted a counterclaim for alimony, and spousal maintenance. On December 15, 1997, Plaintiff filed Motion seeking summary judgment on the issue of divorce. Plaintiff's Summary Judgment Motion was supported by plaintiff's affidavit, and defendant's admission — based on his Answer — of the parties' irreconcilable differences. Based on plaintiff's affidvait, and defendant's admission, the Court entered an Order on December 16, 1997 granting plaintiff Summary

Judgment on the issue of divorce, and awarded a decree of divorce, accompanied by an approved Findings of Facts and Conclusion of Law. The Court however retained jurisdiction of the other divorce issues for future adjudication.

On December 18, 1997, Plaintiff filed a Reply to defendant's counterclaim. While making certain admissions and denials, the Reply also sought to dismiss defendant's counterclaim based on the Affirmative Defense of failure to state a claim upon which relief can be granted.

On December 22, 1997, Defendant filed an Amended Answer where, among other things, defendant changed his admission of the parties' irreconcilable differences by denying such admission all together. With the exception of this change, the Amended Answer is noticeably the same as the original Answer. Armed with that Amended Answer, and an Affidavit by defendant averring the possibility of a reconcilable marriage with plaintiff, defendant filed a Motion in Opposition to Plaintiff's Motion for Partial Summary Judgment, and also to vacate the Court's Order of December 16, 1997 granting plaintiff's Summary Judgment Motion. Upon review of the Motion, the Court, noting initially that the amended Answer was filed within the once as-of-right amendment time period allowed to defendant, the Court granted the Motion to Vacate on the basis of defendant's amended Answer, which effectively placed the reconcilability of the parties' marriage back as an issue of material fact requiring determination by the fact finder. Accordingly, an Order dated January 8, 1998 was issued by the Court vacating Plaintiff's Original Motion for Summary Judgment.

On January 14, 1998, Plaintiff filed a Motion entitled "Motion to Vacate Order Vacating Partial Summary Judgment and Decree of Divorce." A response by Defendant was inevitable, and an opposition Motion was filed sporting a paragraph-long title: "Opposition to Motion to Vacate Order Vacating Partial Summary Judgment and Decree of Divorce and Reply to Opposition to Motion to Vacate Partial Summary Judgment and Decree of Divorce and Motion for Leave to Amend Counterclaim, Nunc Pro Tunc."

In her Motion, plaintiff argues that the Court erred in granting defendant's Motion to Vacate on two grounds: first, on the basis of the Court's premature adjudication of defendant's Motion, which

plaintiff submits was done in less than the 10 day period allowed for plaintiff to respond. Second, on the basis that plaintiff's filing of a Reply to defendant's counterclaims, terminates defendant's right to amend his Answer without leave of Court. Thus, plaintiff argues that defendant's Amended Answer must be dismissed for want of the prerequisite judicial permission.

Conversely, Defendant argues that no responsive pleading was permitted to the Answer, and that the Reply to defendant's Counterclaim is not a pleading sufficient to deprive defendant from Amending his Original Answer once as a matter of right. Accordingly, defendant argues that plaintiff cannot rely on the provisions of RULE 15(A) of the FEDERAL RULES OF CIVIL PROCEDURE requiring a defendant to procure the Court's permission to amend his Answer after the filing by plaintiff of a Reply to defendant's counterclaim as plaintiff's Reply does not restrict defendant's right to amend the Answer without leave of Court.

## II. Analysis

The above facts raise the issue of whether plaintiff's December 18, 1997 Reply to defendant's counterclaim as asserted in Defendant's December 8, 1997 Answer terminates defendant's right to amend the December 8, 1997 Answer without first obtaining judicial permission, under RULE 15(a) of the FEDERAL RULES OF CIVIL PROCEDURE.

### A. Federal Rules of Civil Procedure 7(a) & 15(a)

■ Under RULE 15(a), any time after a responsive pleading has been served, a party must seek leave from the Court or written consent of the adverse party to amend a pleading. *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir. 1990) (*citing* FED. R. CIV. P. 15(a)). Whether a filing is a responsive pleading that terminates a party's right to amend without leave of Court is determined by examining whether such filing is a "pleadings" pursuant to RULE 7(a), which provides in relevant part: "there shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim . . . . No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." FED. R. CIV. P. RULE 7(a) (Emphasis supplied).

Clearly under RULE 7(a), a Reply by a plaintiff to defendant's

counterclaim is a responsive pleading. Failure by plaintiff to file Reply to defendant's counterclaims places plaintiff at the risk of default judgment. Thus, where a defendant files an Answer that asserts claims denominated as "counterclaims," the filing of a responsive pleading becomes obligatory upon plaintiff. FED. R. CIV. P. 7(a). Plaintiff's filing of a responsive pleading, in turn, cuts off defendant's right to Amend his Answer without first obtaining permission of the Court, or plaintiff's written consent. FED. R. CIV. P. 15(a); *see Fort Chartes & Ivy Landing Drainage & Levee Dist. No. 5 v. Thompson*, 4 F.R.D. 369, 371 (E.D. Ill. 1974) (holding that when an Answer contains a counterclaim denominated as such, a reply to the counterclaim is required). *Perrian O'Grady*, 958 F.2d 192, 193-194 (7th Cir. 1992) (requiring a party to obtain leave to file amended complaint and it is within Court's discretion to deny leave); *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir. 1995) (holding that plaintiff required leave of Court to amend due to defendant's filing of a responsive pleading).

■ Thus, it is clearly established that under RULE 7(a), a party's right to amend a pleading without leave of Court is cut off by the opposing party's filing of a responsive pleading. *See Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) (holding that a party's right to amend is cut off by responsive pleading); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995) (holding that the right to amend is terminated only by responsive pleading).

In the instant matter, plaintiff argues that the Reply filed with the Court on December 18, 1997 precludes defendant from amending his first Answer without leave of Court. In effect, plaintiff argues that defendant's Amended Answer filed on December 22, 1997 must be dismissed for want of judicial permission. Defendant asserts the opposing argument that plaintiff's Reply is confined only to the Counterclaim and not the Answer. Further, defendant argues that had defendant not asserted a counterclaim, plaintiff would not have been entitled to interpose a responsive pleading to the Answer; as such, the Court should not consider plaintiff's Reply to defendant's counterclaims as a responsive pleading. Defendant's argument, while demonstrates a somewhat creative reading of RULE 7(a), finds no basis from the clear language of RULES 7(a) and 15(a).

116

As stated previously, RULE 7(a) clearly defines what constitutes a pleading by specifically listing what qualifies as pleadings, and excluding everything else. A Reply is clearly listed as a responsive pleading. FED. R. CIV. P. 7(a). Defendant's attempt to draw a distinction between a required responsive pleading, and a pleading that would not have been required but for defendant's inclusion of a counterclaim in the Answer is untenable. No where does RULE 7(a) distinguish between a pleading in response to a counterclaim and a pleading in response to an Answer. Plaintiff's filing of a Reply to defendant's counterclaim is something defendant should have evaluated and anticipated prior to including the counterclaims in the original Answer. It should be obvious to defendant that an assertion of counterclaims in the Answer will most likely trigger a plaintiff's Reply, which is certain to divest defendant of his right to amend his Answer once as a matter of right.

The Court finds that by asserting a Counterclaim in his answer, Defendant triggered an obligation by Plaintiff to file a Reply to the Counterclaim. Plaintiff met this obligation by filing a Reply on December 18, 1997. The Court, finding no stipulation between the parties, concludes that plaintiff's Reply is a responsive pleading with the effect of terminating defendant's right to amend his answer without first obtaining judicial permission.

The Court, however, wishes to emphasize that this decision does not restrict defendant from filing an Amended Answer, subject to judicial permission. The decision only holds that a defendant looses his right to amend once-as-a-matter-of-right upon plaintiff's filing of a Reply. Accordingly, since the Court finds that defendant is required to obtain leave of Court to amend his Answer, the Court hereby dismisses the Amended Answer, and therefore gives no consideration to defendant's recant of his original admission regarding the parties' irreconcilable marriage. In dismissing the Amended Answer, plaintiff's Motion in Opposition to Defendant's Motion to Vacate Partial Summary Judgment and Decree of Divorce is granted, and the Decree of Divorce is reinstated.

## IV. Conclusion

■ The FEDERAL RULES OF CIVIL PROCEDURE clearly define what constitutes pleadings, and the parties' rights to amend their pleadings. While it is clear under RULE 15(a) that a party possess the right to amend his pleadings if no responsive pleadings are necessary, or prior to the filing by the other party of a responsive pleading, such right becomes fettered upon the filing of a responsive pleading by the other party. A Reply to a Counterclaim is a required responsive pleading, with the effect of cutting off a defendant's right to amend once as a matter of right, without leave of Court.

Here, plaintiff filed Reply to defendant's counterclaim four (4) days prior to defendant's Amended Answer; thus, to be proper, defendant's Amended Answer requires court approval prior to its filing. The Court noting that defendant failed to obtain the requisite court permission, defendant's Amended Answer is dismissed, and Plaintiff's Motion is granted.

### ORDER

THIS MATTER came before the Court on Plaintiff's Motion To Vacate Order Vacating Partial Summary Judgment and Divorce Decree. The premises considered and the Court being otherwise fully advised, it is hereby

ORDERED that Plaintiff's Motion to Vacate is GRANTED; and it is further

ORDERED that the Order entered on January 8, 1998, vacating Partial Summary Judgment and the Decree of Divorce entered December 16, 1997 is VACATED.

DONE AND SO ORDERED this 25th day of February 1998.