**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Dwayne Keith FITZEN, Defendant–**
**Appellant.**

**No. 95–30178.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 1996. *

Decided April 5, 1996.

Dwayne Keith Fitzen, pro se, Littleton, Colorado, for defendant-appellant.

Alan G. Burrow, Assistant United States Attorney, Boise, Idaho, for plaintiff-appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.   P. 34(a); 9th Cir. R. 34–4.

Before: FLETCHER, JOHN T. NOONAN, Jr., and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Dwayne Keith Fitzen appeals pro se the district court's partial denial of his Fed. R.Crim.P. 41(e) motion for return of property seized during the investigation by state and federal officials leading to his trial and conviction in federal court of various drug trafficking offenses. The district court refused to order return of the property on the ground that Fitzen's remedy, if any, lay in state court. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

## I

In the summer of 1991, a joint state/federal task force began investigating Fitzen. Members of the task force included representatives of the Internal Revenue Service (IRS), the Drug Enforcement Agency (DEA), the Idaho Bureau of Narcotics (IBN), and the local police department. Pursuant to a federal search warrant, agents seized the property at issue in this case. Fitzen was indicted and convicted of various drug trafficking offenses in federal court.

Subsequently, Fitzen sought return of the seized property pursuant to Fed.R.Crim.P. 41(e). In response to Fitzen's 41(e) motion, the federal government indicated that all of the property was in the possession of the IBN. The government conceded that the property was no longer needed for evidentiary purposes and stated that the IBN was willing to return all non-contraband property with two exceptions—(1) property that had been forfeited pursuant to Idaho state forfeiture law; and (2) property that was subject to an Idaho state tax levy. The district court ordered the return of the property with the exception of the property it found forfeited to the state of Idaho and the property it found subject to levy by Idaho.[1] Fitzen timely appeals.

## II

Rule 41(e) provides in relevant part that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Fed.R.Crim.P. 41(e). "Generally, a Rule 41(e) motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *United States v. Mills,* 991 F.2d 609, 612 (9th Cir.1993) (quoting *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir.1991)).

Where, as here, the government no longer needs the property as evidence, the defendant is presumed to have the right to the return of his property. *Id.* The government, however, may overcome this presumption "by demonstrating 'a cognizable claim of ownership or right to possession adverse to that of [the defendant].'" *Id.* (quoting *United States v. Palmer,* 565 F.2d 1063, 1065 (9th Cir.1977) (alteration in original)).

## A

To the extent that Fitzen's property is subject to an Idaho state tax levy, the district court properly denied the 41(e) motion. Although the Ninth Circuit has not had occasion to address the effect of a *state* tax levy, we have held that an *IRS* tax levy will defeat a Rule 41(e) motion. *United States v. Freedman,* 444 F.2d 1387, 1388 (9th Cir.), *cert. denied,* 404 U.S. 992, 92 S.Ct. 538, 30 L.Ed.2d 544 (1971). The Sixth Circuit has reached the same conclusion. *See United States v. Francis,* 646 F.2d 251, 263 (6th Cir.) ("It makes no difference that in this case it is a state rather than the IRS which has asserted an interest in the seized cash."), *cert. denied,* 454 U.S. 1082, 102 S.Ct. 637, 70 L.Ed.2d 616 (1981). Regardless of whether the defendant owes federal taxes or state

1. Although the district court order mentions only the state forfeiture proceedings, it appears from the properties referred to in the order that the court in fact refused to order the return of property subject to the tax levy, as well.

taxes, the existence of a tax levy demonstrates a right to possession adverse to that of the defendant.

## B

■ Likewise, the district court properly denied Fitzen's Rule 41(e) motion to the extent that his property was forfeited by the state. It is well-settled that the federal government may defeat a Rule 41(e) motion by demonstrating that the property is subject to federal forfeiture. *See, e.g., United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir. 1987); *Van Cauwenberghe,* 934 F.2d at 1061. The only difference here is that the federal government seeks to defeat Fitzen's motion on the basis of the state's right to the property, rather than its own.

While we have previously disallowed an attempt by the federal government to assert a third party's right to the defendant's property in *Palmer,* 565 F.2d at 1064, that case is distinguishable. In *Palmer,* the third party had neither asserted a third-party claim of ownership nor pursued such a claim in another forum. *Id.* at 1064. Accordingly, we concluded that "in the absence of any cognizable claim of ownership or right to possession adverse to that of appellant," the defendant's Rule 41(e) motion should have been granted. *Id.* at 1065. Here, by contrast, the state forfeiture proceeding has established Idaho's ownership of the property. Rule 41(e) by its terms requires that the defendant be "entitled to lawful possession of the property." Fed.R.Crim.P. 41(e). The government need not prove that the government itself is entitled to lawful possession; it is sufficient for the government to prove that Fitzen is not so entitled. Because the government has done so here, the district court did not err.

AFFIRMED.