91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby ROSS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby ROSS, Defendant-Appellant.
 Nos. 95-15912, 95-16618.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, Bobby Ross appeals the district court's dismissal of his 28 U.S.C. § 2255 petition without leave to amend and its denial of his motion for return of property under Fed.R.Crim.P. 41(e). Ross was sentenced to five years in prison after he pleaded guilty to conspiracy to distribute cocaine in 1991. We have jurisdiction under 28 U.S.C. §§ 1291, 2255, and we affirm.
 
 
 3
 We review de novo the denial of a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995). Some four years after he pleaded guilty, Ross filed a section 2255 motion, arguing that his conviction constituted double jeopardy because it followed the forfeiture to the IRS of his Mercedes Benz. Citing authority from the Seventh Circuit, United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.1994), cert. denied, 115 S.Ct. 669 (1994), the district court denied the motion on the ground that Ross had never contested the forfeiture. When Ross sought leave to amend his motion to assert that his counsel had rendered ineffective assistance by failing to challenge the forfeiture, the district court denied him leave.
 
 
 4
 We have since ruled in accordance with the Seventh Circuit that there is no jeopardy in the uncontested forfeiture of property. See United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995), cert. denied, --- S.Ct. ---- (U.S. June 17, 1996) (No. 95-7955). We uphold, as well, the district court's denial of Ross's motion for leave to amend his section 2255 motion. A claimant in civil forfeiture does not have a right to counsel, United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir.1995), so he does not have a right to effective counsel.
 
 
 5
 We review de novo the denial of a Rule 41(e) motion for return of property. United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993). Three years after his conviction, Ross sought the return of two rings, a watch, and a wallet he claims were taken from him at the time of his arrest. The government filed a response asserting that the jewelry had been seized and forfeited by state authorities, and that nothing had been seized by federal authorities. In support of this response, the government submitted an affidavit from the United States Attorney's Office, reciting that an FBI agent's review of Ross's case file showed that none of Ross's property had been seized, and that none was in the Bureau's possession.
 
 
 6
 The federal government can refuse to restore property lawfully forfeited to the state, see United States v. Fitzen, 80 F.3d 387, 389 (9th Cir.1996), and it cannot be forced to return property that it does not have, see Lowrie v. United States, 824 F.2d 827, 829 (10th Cir.1987). For these reasons, we uphold the district court's denial of Ross's Rule 41(e) motion.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal