91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas P. BLANKENSHIP, Defendant-Appellant.
 No. 95-30305.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996*.
Decided July 3, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Douglas P. Blankenship appeals pro se the district court's order granting the government's post judgment motion following his guilty plea conviction for racketeering, in violation of 18 U.S.C. § 1962(c). Blankenship contends that the district court erred by granting the government's motion to apply $707 seized from Blankenship toward restitution and to destroy two seized firearms. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and reverse in part.
 
 
 3
 "A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the properly was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Fed.R.Crim.P. 41(e); see also United States v. Fitzen, 80 F.3d 387, 388 (9th Cir.1996). "Generally, a Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." Fitzen, 80 F.3d at 388 (quotations omitted). Where the government no longer needs the property as evidence, the defendant is presumed to have the right to the return of the property. Id. "The government, however, may overcome this presumption by demonstrating a cognizable claim of ownership or right to possession adverse to that of the defendant." Id. (quotations omitted).
 
 
 4
 Although as a convicted felon[1] Blankenship is prohibited from possessing a firearm that has travelled in or affected interstate commerce, see 18 U.S.C. § 922(g)(1), he is not prohibited from holding a property interest in the firearms, see United States v. Seifuddin, 820 F.2d 1074, 1077 (9th Cir.1987). Accordingly, the district court's order granting the government's motion to destroy the two seized firearms is reversed.[2]
 
 
 5
 The district court did not err, however, by granting the government's motion to apply the $707 toward Blankenship's restitution order. See United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993) ("[A] valid restitution order under the [Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3663-3664,] gives the government a sufficient cognizable claim of ownership to defeat a defendant's Rule 41(e) motion for return of property, if that property is needed to satisfy the terms of the restitution order.")
 
 AFFIRMED in part, REVERSED in part.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blankenship was convicted in 1974 of a felony tax offense, and in 1991 of the instant offense
 
 
 [2]
 We do not address whether the government may initiate forfeiture proceedings because this issue is not before us on appeal
 
 
 [3]
 To the extent the government has not returned the remainder of Blankenship's property that is neither contraband nor subject to forfeiture statutes, Blankenship may file a Rule 41(e) motion for the return of such property