105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sue MONROE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-30242.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sue Monroe, a federal prisoner appeals pro se the district court's order granting in part, and denying in part her Fed.R.Crim.P. 41(e) motion for return of seized property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993), and affirm.
 
 
 3
 "A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Fed.R.Crim.P. 41(e); see also United States v. Fitzen, 80 F.3d 387, 388 (9th Cir.1996). "Generally, a Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband, or subject to forfeiture of the government's need for the property as evidence continues." Fitzen, 80 F.3d at 388 (quotations omitted). Where the government no longer needs the property as evidence, the defendant is presumed to have the right to the return of the property. Id. The government, however, may overcome this presumption by demonstrating "that it has a legitimate reason to retain the property." Mills, 991 F.2d at 612 (quotations omitted). The government may meet this burden by demonstrating that the property is contraband, United States v. Martinson, 809 F.2d 1364, 1367-69 (9th Cir.1987), or by demonstrating "a cognizable claim of ownership or right to possession adverse to that of [the defendant]." Mills, 991 F.2d at 612 (quotation omitted).
 
 
 4
 Here, the district court properly denied Monroe's motion with regard to fraudulently obtained documents because these documents are contraband. See Martinson, 809 F.2d at 1368. The district court also correctly denied Monroe's motion with regard the property of substantial value because the property is needed to satisfy a valid restitution order. Mills, 991 F.2d at 612 ("[A] valid restitution order under the [Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3663-3664,] gives the government a sufficient cognizable claim of ownership to defeat a defendant's Rule 41(e) motion for return of property, if that property is needed to satisfy the terms of the restitution order.")
 
 
 5
 To the extent Monroe challenges the validity of the restitution order and the seizure, these issues have been resolved. See United States v. Monroe, No. 92-30207, (9th Cir. July 14, 1993). To the extent she contends that the property that was not returned was forfeited and thus violates the Double Jeopardy Clause, this claim is foreclosed by United States v. Ursery, 116 S.Ct. 2135 (1996).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Monroe's motion for attorney's fees and "Motion to Consider Related Case No. 95-35716" are denied