114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William A. ROBERTS, Defendant-Appellant. (Two Cases)
 Nos. 96-10143, 96-10144.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 96-10144, William A. Roberts appeals pro se the district court's denial of his motion to dismiss the 1988 indictment pursuant to which Roberts pled guilty to one count of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. In 96-10143, Roberts appeals pro se the district court's denial of his motion for return of property pursuant to Fed.R.Crim.P. 41(e). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both orders.
 
 No. 96-10144
 
 3
 Roberts contends that his indictment was "constructively amended" at sentencing because the sentencing court estimated the quantity of methamphetamine that could be made from the amount of phenylacetic acid purchased by Roberts. Roberts further argues that this "constructive amendment" prejudiced him because phenylacetic acid was not a controlled substance at the time of his arrest. In a prior appeal by Roberts, this court held that the use of phenylacetic acid in determining Roberts' offense level was appropriate. See United States v. Roberts, 5 F.3d 365, 371 (9th Cir.1993). Accordingly, we will not review his claim in this appeal. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991); United States v. Redd, 759 F.2d 699, 700-701 (9th Cir.1985) (per curiam).[1] The district court's order is therefore AFFIRMED.
 
 No. 96-10143
 
 4
 Roberts contends that the district court erred when it denied his motion for the return of: (1) fifteen firearms; (2) a cellular telephone and two radio frequency scanners; (3) personal and business records. This contention lacks merit.
 
 
 5
 We review de novo a district court's interpretation of Rule 41(e), see United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993), and its underlying factual findings for clear error, see In Re Grand Jury Subpoenas, 926 F.2d 847, 855 (9th Cir.1991). "[A] Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." Mills, 991 F.2d at 612 (quotation omitted).
 
 
 6
 Here, although Roberts' property was seized pursuant to a federal search warrant served by a joint state and federal task force, all of the seized items were kept in the custody of the Redding Field Office of the California Bureau of Narcotic Enforcement Agency (BNE) and the Redding Police Department. By the time Roberts sought the return of his property (more than six years after his conviction) the property had been disposed of by the state authorities. See United States v. Fitzen, 80 F.3d 387, 388 (9th Cir.1996) (Rule 41(e) motion properly denied where property disposed of pursuant to state forfeiture law); see also United States v. Huffhines, 986 F.2d 306, 308 (9th Cir.1993) (denying Rule 41(e) motion where property in sole custody of state police). Accordingly Roberts' remedy, if any, lies in state court. See Fitzen, 80 F.3d at 388. The district court's order is therefore
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Roberts contends that his indictment was insufficient, we reject the contention; his indictment satisfied the requirements set out in Echavarria-Olarte v. Reno, 35 F.3d 395 F.3d 395, 397 (9th Cir.1991) (holding that an indictment under 21 U.S.C. § 846 is sufficient if it alleges a conspiracy to distribute drugs; the time during which the conspiracy was operative; and the statute allegedly violated)