* The panel unanimously finds this case suitable for decision without oral argument. Fed.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Victor Dele FALOY, Defendant– Appellant,**

**United States of America, Plaintiff–Appellee,**

v.

**Victor Dele Faloy, Defendant– Appellant.**

Nos. 98–10371, 98–16640.
D.C. No. CR–90–00934–1–ACK, CV–97–01432–ACK.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2001.[*]

Decided April 9, 2001.

R.App. P. 34(a)(2).

Before MAGILL,** FERNANDEZ, KLEINFELD, Circuit Judges.

### MEMORANDUM ***

Victor Dele Faloy, a federal prisoner, appeals the denial of his motion for return of certain speakers pursuant to Fed. R.Crim.P. 41(e). He also appeals the denial of his 28 U.S.C. § 2255 motion to vacate his fine, and for ineffective assistance of counsel. We affirm.

■ (1) Faloy was not entitled to lawful possession of the speakers because he conceded that the property in question did not belong to him, but rather to his co-defendant. *See United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir.1996). Furthermore, the Rule 41(e) motion was properly denied because property used as a vessel to carry contraband is subject to forfeiture. *See* 21 U.S.C. § 881(a)(3); *see also United States v. 1 Parcel of Real Prop., Lot 4, Block 5 of Eaton Acres*, 904 F.2d 487, 491 (9th Cir. 1990).

** The Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ (2) The district court correctly dismissed Faloy's motion for failure to file within the one-year limitations period. *See* 28 U .S.C. § 2255. Faloy's conviction was affirmed by this court on December 17, 1991. *See Faloy v. United States*, Nos. 91–10031, 91–10033, 1991 WL 270708 (9th Cir. Dec. 17, 1991) (unpublished disposition). Faloy did not file his section 2255 petition until October 14, 1997.[1]

AFFIRMED.

1. At any rate, Faloy cannot move under § 2255 to vacate a fine. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir.1999). Moreover, counsel was not ineffective.