**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arturo FIGUEROA–DIAZ, aka Arturo Figuroa Diaz, Defendant–Appellant.**

No. 02–30219.

D.C. No. CR–00–60115–HO.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Arturo Figueroa–Diaz, a federal prisoner, appeals pro se the district court's order denying his Fed.R.Crim.P. 41(e) motion for return of personal property seized pursuant to a state search warrant in Oregon and during his subsequent arrest in Pennsylvania. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. Mills*, 991 F.2d 609, 612 (9th Cir.1993), and affirm.

The district court properly denied Figueroa–Diaz's Rule 41(e) motion as to the property seized in Oregon because it was subject to a judgment of civil forfeiture in Oregon state court. *See United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir.1996) (affirming denial of Rule 41(e) motion where state forfeiture proceeding established that state rather than defendant was entitled to lawful possession of property).

The district court properly denied Figueroa–Diaz's Rule 41(e) motion to remove the state civil forfeiture action to federal court because the district court lacked original jurisdiction. *See* 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (holding that

only state court actions that originally could have been filed in federal court may be removed).

The district court properly denied Figueroa–Diaz's Rule 41(e) motion as to the property seized in Pennsylvania, because Figueroa–Diaz did not file his motion in the district court of Pennsylvania, "the district in which the property was seized." *See* Fed.R.Crim.P. 41(e).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

