NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30374 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-06027-WFN |
| v. | |
| JESUS MADRIGAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Jesus Madrigal appeals pro se from the district court's order denying his

motion under Federal Rule of Criminal Procedure 41(g) for return of property. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Madrigal contends that he is entitled to the return of $4,723.86 seized by the government and forfeited pursuant to a declaration of nonjudicial civil forfeiture under 21 U.S.C. § 881.  We review de novo the district court's interpretation of federal forfeiture law and its findings of fact for clear error.  *See United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 (9th Cir. 1996).  Because the funds were subject to a civil property forfeiture, Rule 41(g) does not provide a basis to challenge the government's action.  *See* Fed. R. Crim. P. 1(a)(5)(B); *United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996).

In the alternative, the district court construed Madrigal's motion as a claim under the Civil Assets Forfeiture Reform Act and concluded that Madrigal was not entitled to relief because he had failed to file a valid and timely claim under the statute.  We agree.  *See* 18 U.S.C. § 983(a)(2)(B), (C)(iii).

**AFFIRMED.**