**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAMERON SCOTT GRIFFIN,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 15-35731

D.C. No. 3:14-cv-00199-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Federal prisoner Cameron Scott Griffin appeals pro se from the district

court's judgment dismissing his request for "Return of Illegally Forfeited

Property."  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*United States v. Marshall*, 338 F.3d 990, 993 (9th Cir. 2003) (denial of a motion

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for return of property); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm.

The district court properly dismissed Griffin's request because Fed. R. Crim. P. 41(g) does not apply to property subject to forfeiture.  *See United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996) (motion for return of property may be defeated by demonstrating that the property is subject to forfeiture).  Contrary to Griffin's contentions, Griffin cannot bring his request under 5 U.S.C. §§ 702 and 704, or 28 U.S.C. §§ 1491 and 1495.

The district court did not abuse its discretion by declining to exercise its equitable jurisdiction because the forfeiture was part of Griffin's conviction and sentence, and Griffin had adequate remedies at law.  *See* 21 U.S.C. §§ 853(a)(1), (2); *Libretti v. United States*, 516 U.S. 29, 39-41 (1995) (recognizing criminal forfeiture as an aspect of punishment); *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993) (setting forth standard of review); *see also* 28 U.S.C. § 2255; *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." (alteration in original) (citations and internal quotation marks omitted)).

15-35731

The district court did not abuse its discretion by denying Griffin's motion to reconsider because Griffin failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

Griffin's motion for determination of status, filed on October 20, 2015, is denied as unnecessary.

**AFFIRMED.**