**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50466 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-03450-H |
| v. | |
| BRIAN JAMES ENTZMINGER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Brian James Entzminger appeals pro se the district court's order denying his

motion for the return of property under Federal Rule of Criminal Procedure 41(g).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Entzminger contends that the district court erred in denying his motion for the return of ten items seized by the government. We review de novo a district court's denial of a motion for return of property. *See United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). Because Entzminger agreed in his written plea agreement that the property at issue was subject to forfeiture, he is not entitled to its return. *See United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir. 1996). To the extent Entzminger complains that the government destroyed property not subject to forfeiture, Rule 41(g) does not offer him a remedy. *See Ordonez v. United States*, 680 F.3d 1135, 1139 (9th Cir. 2012).

**AFFIRMED.**